HENRY D. BROWN ET AL. V. HENRY E. DOREN AND
JOHN DOREN.

*Acceptance of order—Findings of fact.*

In this case the Court find that there was evidence to support the
findings of fact made by the circuit judge, and affirm the judg-
ment.

Error to Kent. (Montgomery, J.) Argued January 31,
1889. Decided October 18, 1889.

*Assumpsit.* Defendants bring error. Affirmed. The
facts, and points of counsel *passed* upon by the Court, are
stated in the opinion.

*Edmund D. Barry (E. F. Uhl,* of counsel), for appellants.

*Thompson, Kennedy & Temple (Taggart, Wolcott & Gan-
son,* of counsel), for plaintiffs.

SHERWOOD, C. J.   The plaintiffs in this case bring suit in
*assumpsit* against the defendants for the recovery of a claim
made against them for the sum of about $1,000 under the
following circumstances:

The defendants, in 1886, were constructing a house in the
city of Grand Rapids for Ann E. Esler. In September of
that year they entered into a contract with E. Maunder &
Co. to do all the mason-work in the construction of the
building, and furnish the materials therefor, and to furnish
the necessary materials for and build a cistern, for the sum
of $3,569. Final payment was to be made when the building
was completed and the work accepted.

Maunder & Co. obtained the brick they used in the building from the plaintiffs; and about the first of November there was claimed to be due to the plaintiffs from Maunder & Co., for material furnished, between $450 and $500, and Maunder & Co. gave to plaintiffs the following order:

"GRAND RAPIDS, MICH., Nov. 1, 1886.
"MESSRS. H. E. DOREN & Co.:

"Please pay Brown, Clark & Co. $100 on this estimate, October 30, 1886. Also pay the balance due Brown, Clark & Co. for brick; said amount, when ascertained, to be taken out of estimate or estimates to Maunder & Co."

This order was, at its date, presented to Doren & Co., who accepted it; but relying, as they claim, upon the statement of plaintiff Davidson, and with the understanding, that the balance due plaintiffs for brick furnished by Maunder & Co. did not exceed $500. The defendants immediately paid the $100 called for by the order. The building, at the date of the order, was not completed, but more bricks were required to do the work.

The plaintiffs, after the acceptance of the order, delivered more brick to Maunder & Co. for the building. On the twentieth of November, 1886, the plaintiffs caused a measurement of all the bricks in the walls to be made, and found the amount used in the building to be 201,404, and, at $4.50 per thousand, amounted to $906.31. This, less the amount of the order, $100, and less cash from Maunder & Co., $75, left the balance due plaintiffs, as they claimed, $731.31, and for this amount they brought their suit in the Kent circuit, and it was for this amount and interest that plaintiffs had judgment.

The declaration counted specially upon the order and acceptance, and contained also the common counts, accompanied by a bill of particulars, the items of which were the money paid upon the order, and bricks sold and delivered to the amount above mentioned.

· The defendants pleaded the general issue, and gave notice that they would show that the order was obtained of the defendants by false and fraudulent representations of the plaintiffs, at the time the same was obtained, as to the amount due the plaintiffs from Maunder & Co. for brick.

The cause was tried before Judge Montgomery, who made special findings of both the facts and law, upon which the judgment was rendered.

The controversy in the case arises principally upon the proper construction to be given to the second clause contained in the order, and to the amount for which the defendants are liable thereunder.

It was the contention on the trial that in no event could the defendants be made liable for more than the amount due from Maunder & Co. to Brown, Clark & Co. at the time the defendants accepted the order; and they now claim that at least $231.31 became due from Maunder & Co. to plaintiffs after that time, and for which the circuit judge erroneously gave judgment.

On the contrary, the plaintiffs claim that it was understood by all the parties that E. Maunder & Co. were to purchase all the brick necessary for the building of plaintiffs, and that the order was intended to cover all brick delivered, or to be delivered, by both Maunder & Co. and the plaintiffs; and that the plaintiffs, after receiving such order, went on, relying upon the same, and delivered the balance of the brick necessary to complete the job. The circuit judge took this view of the case in the findings.

We have examined the findings made, and the testimony upon which they were based, and which is all given in the case, and, without going into detail in regard to each, are satisfied that there is evidence tending to support all of them.

We have also examined the exceptions taken to the rulings

of the court in receiving the testimony, and have found no ruling of the court so far prejudicial to the interests of defendants as to require a reversal of the judgment, and it will therefore be affirmed.

The other Justices concurred.